UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

No. 21mj02049 O'Sullivan

UNITED STATES OF AMERICA

vs.

SHAKIM MIKE,
MALEEK LEANARD,
ROYSTIN DAVID, and
TREVON ADAMS,

      Defendants.
_____/

## CRIMINAL COVER SHEET

1. Did this matter originate from a matter pending in the Central Region of the United States Attorney's Office prior to August 9, 2013 (Mag. Judge Alicia Valle)? __Yes X No

2. Did this matter originate from a matter pending in the Northern Region of the United States Attorney's Office prior to August 8, 2014 (Mag. Judge Shaniek Maynard)? __Yes X No

                              Respectfully submitted,

                              ARIANA FAJARDO ORSHAN
                              UNITED STATES ATTORNEY

            BY:   *s/Yeney Hernandez*
                  YENEY HERNANDEZ
                  ASSISTANT UNITED STATES ATTORNEY
                  Court ID No. A5502300
                  99 N. E. 4th Street
                  Miami, Florida 33132-2111
                  TEL (305) 961-9277
                  FAX (305) 530-7976

AO 91 (Rev. 08/09) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Southern District of Florida

| United States of America | ) | |
|---|---|---|
| v. | ) | |
| Shakim Mike, | ) | Case No.  21mj02049 O'Sullivan |
| Maleek Leanard, | ) | |
| Roystin David, and | ) | |
| Trevon Adams, | ) | |

*Defendant(s)*

## CRIMINAL COMPLAINT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __1/12/2021__ in the county of __Miami-Dade__ in the __Southern__ District of __Florida__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C. § 846 | Attempt to Possess with Intent to Distribute a Controlled Substance |

This criminal complaint is based on these facts:

SEE ATTACHED AFFIDAVIT.

☑ Continued on the attached sheet.

_____
*Complainant's signature*

Special Agent Jorge DeCardona, HSI
*Printed name and title*

Attested to by the Applicant in accordance with the requirements of Fed.R.Crim.P. 4.1 by Face Time.

Date: 1/13/2021

_____
*Judge's signature*

City and state: Miami, Florida

John J. O'Sullivan, Chief U.S. Magistrate Judge
*Printed name and title*

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, Jorge DeCardona, being first duly sworn, hereby depose and state as follows:

## INTRODUCTION AND AGENT BACKGROUND

1. I am a Special Agent with Immigration and Customs Enforcement, Homeland Security Investigations ("HSI"), in Miami, Florida, assigned to Miami International Airport. As part of my duties, I am authorized to conduct investigations into criminal violations committed against the United States, including, but not limited to, fraud and misuse of visas and other documents, importation of controlled substances, currency reporting requirements, and violations of the laws regarding customs declarations.

2. As a result of my training and experience conducting drug trafficking investigations and arrests, I am familiar with the actions, traits, habits, and terminology utilized by drug traffickers. I am familiar with the ways in which narcotic traffickers conduct their business, including methods of importing and distributing narcotics, money laundering, the use of cellular telephones and the Internet to facilitate their illegal acts. As a law enforcement officer within the meaning of Section 2510(7) of Title 18, United States Code, I am empowered by law to conduct investigations of, and make arrests for, but not limited to, offenses enumerated in Titles 18, 21, and 46 of the United States Code.

3. The information contained in this Affidavit is submitted for the sole purpose of establishing probable cause for a criminal complaint against Shakim Mike (MIKE), Maleek Leanard (LEANARD), Roystin David (DAVID), and Tevon Adams (ADAMS), for conspiracy to possess with intent to distribute cocaine, in violation of Title 21, United States Code, Section 841; all in violation of Title 21, United States Code, Section 846. Because this Affidavit is being

1

submitted for the limited purpose of establishing probable cause, it does not contain all of the information known to me and other law enforcement officers involved in this investigation.

4. The facts and information contained in this Affidavit are based on my personal knowledge and observations, as well as upon information received in my official capacity from other individuals, including other law enforcement officers involved in this investigation as well as my review of records, documents, and other physical items obtained during the course of this investigation.

## PROBABLE CAUSE

5. On Tuesday, January 12, 2021, a chartered aircraft, model Hawker 800 XP bearing US registration N191GH arrived at the Opa Locka Executive Airport in Miami, Florida, from St. Thomas U.S. Virgin Islands. While performing baggage inspection, U.S. Customs and Border Protection Officers ("CBPO") discovered 294 plastic-wrapped bricks, which consisted of a compacted white powdery substance that tested positive for the properties of cocaine. The bricks were inside several duffle bags and suitcases belonging to the only passengers of the private plane: DAVID, LEANARD and MIKE, along with one more individual ("Target 1"). The passengers are U.S. Citizens residing in St. Thomas, U.S. Virgin Islands. The total weight of the bricks was approximately 328.79 kg.

6. Upon the plane's arrival, CBPOs at the Opa Locka Executive Airport proceeded to inspect the bags and suitcases brought in by the four passengers. The bags and suitcases were scanned through the X-ray machine and officers noticed brick-shaped objects, consistent with narcotics smuggling, inside the luggage. A total of 294 plastic wrapped bricks were seized. Several bricks were probed, and a white powdery substance that tested positive for cocaine was removed from the bricks. While CBPOs were performing the baggage inspection, MIKE fled the airport.

7. During his post-*Miranda* interview, Target 1 explained he had arranged with MIKE to smuggle the cocaine to the United States via a private charter flight from St. Thomas. According to Target 1, MIKE paid half the charter flight fees ($11,000) and later gave Target 1 money orders totaling another $11,000 to pay for the remaining charter fees. Target 1 also stated that ADAMS would be traveling from Tampa to Miami to pick up the conspirators and drive them to Orlando along with the cocaine.

8. In a post-*Miranda* statement, LEANARD stated Target 1 and MIKE had recruited him on the trip about 3 days earlier. He added that his role in the conspiracy was to help transport the cocaine. LEANARD stated that Target 1 and MIKE had purchased LEANARD's return ticket to St. Thomas. Although LEANARD did expect to get paid for his participation in the smuggling venture, he did not know the exact amount.

9. In a post-*Miranda* statement, DAVID stated that he knew Target 1 and MIKE from his work within the U.S. Army National Guard. DAVID claimed that he did not know that the bags contained cocaine, but he admitted that he helped carry and load the bags into the plane prior to takeoff in St. Thomas. Law enforcement obtained consent to search DAVID's phone, which included various texts between him and Target 1 discussing drug trafficking. Specifically, messages between DAVID and Target 1 include references to "moving product," "recruiting flight attendants," "invest all the money from our bricks," "meeting the big dogs in Santo Domingo," and "living off the airport trips." DAVID also said the last words he heard from MIKE before he absconded were: "oh s***, I think we should run."

10. During the course of their investigation, HSI Agents and CBP Officers were able to communicate with ADAMS, who agreed voluntarily to surrender. ADAMS sent his location via cellphone showing he was in Tampa, Florida. In his post-*Miranda* interview, ADAMS said he

was supposed to get paid between $9,000 and $10,000 for transporting the passengers and the cocaine.

11. Law enforcement was able to conduct a controlled call between MIKE and Target 1. During the call, a CBP officer, who was monitoring the call, interrupted the conversation and asked MIKE to voluntarily surrender. MIKE agreed to surrender and speak with law enforcement. During MIKE's post-*Miranda* interview, he explained that in December 2020, an individual in St. Thomas had approached Target 1 about smuggling narcotics aboard a private flight. Target 1 offered MIKE $60 to $70,000 for his role in the smuggling venture. MIKE admitted that at least three of the seized bags belonged to him and that he helped pack the cocaine bricks in the bags. Soon after MIKE absconded, he sent his location to ADAMS, who picked him up and drove him to a hotel in Miami. Two unknown individuals picked him up at the hotel and drove him to Orlando, where he was contacted by law enforcement and ultimately agreed to surrender.

12. Throughout the course of the investigation, law enforcement gathered information that led to the arrest of Anthon BERKELEY, who is charged under a separate complaint. BERKELEY drove from Orlando to Miami with the intent to pick up one kilo of cocaine from the private charter smuggling event. During his interview, BERKELY admitted he was supposed to pick up one kilogram of cocaine and bring it to an unknown individual in Orlando. Although he was not the ultimate buyer of the cocaine, he expected to be paid $18,000 to pick up and transport the narcotics.

13. Based on the foregoing facts, your Affiant submits that probable cause exists to believe that the defendants did knowingly and willfully conspire to possess with intent to distribute cocaine, in violation of Title 21, United States Code, Sections 841 and 846.

Jorge DeCardona
Special Agent
Homeland Security Investigations

Attested to by the applicant in accordance with
the requirements of Fed. R. Crim. P. 4.1 via FaceTime
on this 13th day of January 2021.

HONORABLE JOHN J. O'SULLIVAN
CHIEF UNITED STATES MAGISTRATE JUDGE